```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 ROBERT WILSON,

                      Plaintiff,                MEMORANDUM & ORDER
                                                25-CV-4895 (EK)(ST)

          -against-

 UNIQUE LOGISTICS INTERNATIONAL, INC.
 et al.,

                      Defendants.

--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Robert Wilson brought this claim against the presiding judge of the Appellate Division of the Supreme Court of New York (Second Department) and a party against whom he was litigating in state court.  Proceeding *pro se*, he complains that the Appellate Division failed to issue a timely decision of his appeal.  Invoking 42 U.S.C. § 1983, Wilson contends that the delay has deprived him of due process rights protected by the U.S. Constitution.  He asked this Court to direct the Second Department to decide his appeal within ten days.  Compl. 2, ECF No. 1.

        After Wilson filed this action, the Second Department rendered a decision.  Order, *Wilson v. Unique Logistics Int'l, Inc.*, No. 2025-05384, Dkt. No. 20 (N.Y. App. Div. 2d Dep't Sept. 17, 2025).  This Court therefore denied the motion for

preliminary relief as moot, Docket Order dated Oct. 8, 2025, and ordered plaintiff to show cause why this case should not be dismissed as moot and invited him to address "whether the doctrine of judicial immunity bars his claim for declaratory relief." *Id.* Plaintiff has not responded. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), ECF No. 2, is granted solely for the purpose of this Order. For the reasons that follow, however, the complaint is dismissed for failure to state a claim.

When a plaintiff seeks to proceed *in forma pauperis*, a court will dismiss the complaint *sua sponte* if, among other things, it "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or the court lacks subject matter jurisdiction over the case. *See, e.g.*, *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.").[1]

Plaintiff's request for injunctive relief is now moot. Requiring a decision was the only "form of meaningful injunctive relief" the Court could have fashioned. *Haczynska v. Mount Sinai Health Sys., Inc.*, 738 F. Supp. 3d 300, 315 (E.D.N.Y. 2024). This request is thus dismissed for lack of subject

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

matter jurisdiction.  *See Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022).

Judicial immunity bars Plaintiff's claim for declaratory relief against the presiding Justice (the Hon. Hector D. LaSalle).  In *Rodriguez v. Weprin*, the Second Circuit afforded immunity to court employees who were alleged to have failed to "properly manage the court calendar and more quickly bring [plaintiff's] appeal to fruition."  116 F.3d 62, 66 (2d Cir. 1997).  The panel explained that "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties."  *Id.*  Judicial immunity therefore applies.

The complaint must also be dismissed as to Unique Logistics.  Section 1983 applies to state action.  It establishes liability for persons acting "under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  The law thus "excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Wilson only alleges that Unique Logistics is a "foreign corporation."  Compl. 1.

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Butcher v. Wendt*,

3

975 F.3d 236, 241 (2d Cir. 2020) (holding that claims "barred by absolute judicial immunity [are] correctly dismissed under Rule 12(b)(6)").  Dismissal is with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to mail a copy of this order to plaintiff, note the mailing on the docket, enter judgment, and close this case.

SO ORDERED.

                                             /s/ Eric Komitee
                                             ERIC KOMITEE
                                             United States District Judge

Dated:    December 21, 2025
            Brooklyn, New York